Matter of Hansen (2021 NY Slip Op 02525)





Matter of Hansen


2021 NY Slip Op 02525


Decided on April 28, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
BETSY BARROS, JJ.


2020-08568

[*1]In the Matter of Steven Thomas Hansen, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Steven Thomas Hansen, respondent. (Attorney Registration No. 2752277)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 19, 1996.



Catherine A. Sheridan, Hauppauge, NY (Michael Fuchs of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On November 9, 2020, the Grievance Committee for the Tenth Judicial District served the respondent personally with a notice of petition dated October 22, 2020, and a verified petition dated October 20, 2020, and duly filed those papers with this Court together with an affidavit of service. The petition contains five charges alleging that the respondent: neglected a legal matter entrusted to him by certain clients, in violation of rule 1.3(b) of the Rules of Professional Conduct (22 NYCRR 1200.0) (charge one); failed to promptly inform those clients of material developments in their matter, in violation of 1.4(a)(1)(iii) (charge two); failed to keep those clients reasonably informed about their matter, in violation of rule 1.4(a)(3) (charge three); engaged in conduct prejudicial to the administration of justice by failing to cooperate with the petitioner in an investigation of professional misconduct, in violation of rule 8.4(d) (charge four); and engaged in conduct adversely reflecting on his fitness as an attorney, in violation of rule 8.4(h) (charge 5).
The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default, and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served upon the respondent by mail on December 11, 2020, he has neither opposed the instant motion nor interposed any other response thereto.
Accordingly, the Grievance Committee's motion to deem the charges in the verified petition dated October 20, 2020, established is granted, the charges in the verified petition are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and BARROS, JJ., concur.
ORDERED that the Grievance Committee's motion to deem the charges in the verified petition dated October 20, 2020, established based upon the default of the respondent, Steven Thomas Hansen, is granted; and it is further,
ORDERED that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Steven Thomas Hansen, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Steven Thomas Hansen, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Steven Thomas Hansen, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Steven Thomas Hansen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court